UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NINO R. ACUNA,

                Plaintiff,                      **ORDER**

      -against-                            **23-cv-4401 (JHR)(JW)**

TD BANK,

                Defendant.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

      The Parties were heard in an Initial Case Management Conference on August 31, 2023. Defendant TD Bank previously filed a motion to dismiss the action alleging that Plaintiff's complaint fails to satisfy the requirements set forth in the Federal Rules of Civil Procedure. Dkt. No. 13 at 2. District Judge Jennifer H. Rearden has not yet issued a ruling with respect to Defendant's motion to dismiss. The Court explained to Mr. Acuna that he would be granted leave to file an amended complaint. Any amended complaint is due by **October 2, 2023**. Any response from Defendant TD Bank is due by **October 16, 2023**.

      Mr. Acuna is not currently represented by counsel (in other words Mr. Acuna is acting *pro se*). The Court explained on the record the requirements for a sufficient complaint pursuant to Federal Rule of Civil Procedure 8(a). A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). Additionally, pursuant to Federal Rule of Civil

Procedure 12, a Defendant may move to dismiss a claim that fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Defendant alleges Plaintiff's complaint is deficient in both respects. Dkt. No. 13.

While *pro se* litigants enjoy the Court's "special solicitude," Ruotolo v. I.R.S., 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8, which requires a complaint to make a short plain statement showing that the pleader is entitled to relief. "A claim has facial plausibility when the plaintiff ***pleads factual content*** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added). Further, the complaint must contain ***factual allegations*** that "raise a right to relief above the speculative level" and provide the grounds of entitlement to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007).

The Court notes that the District Court has the power to dismiss a complaint for failure to state a claim after giving the plaintiff an opportunity to be heard. Thomas v. Scully, 943 F.2d 259, 260 (2d Cir. 1991). Mr. Acuna was warned at the Initial Case Management Conference that his complaint could be dismissed, and possibly with prejudice, if it fails to meet the requirements set forth in the Federal Rules of Civil Procedure.

Additionally, the Court notes for Plaintiff's benefit that information filed on ECF is generally public and Plaintiff should exercise caution when filing personal financial information on the docket.

Finally, the Court reiterates there is a free legal clinic in this District available to assist parties that represent themselves in civil cases. The Clinic is run by a private organization called the New York Legal Assistance Group; it is not part of, or run by, the Court. The Clinic is located in the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York, in Room LL22, which is just inside the Pearl Street entrance to that Courthouse.

Defendant is directed to order a copy of the transcript from the Initial Case Management Conference and provide a copy to Plaintiff. The Clerk of the Court is respectfully requested to mail a copy of this order to *pro se* Plaintiff Mr. Nino R. Acuna at 420 East 73rd Street, Apt. 3B, New York, NY 10021.

SO ORDERED.

DATED:   New York, New York
August 31, 2023

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge