UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NINO R. ACUNA,

                     Plaintiff,

      -against-

TD BANK,

                     Defendant.
------------------------------------------------------------------X

**ORDER DENYING REQUEST FOR PRO BONO COUNSEL**

**23-cv-4401 (JHR)(JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

Plaintiff has filed an Application for the Court to Request Counsel. Dkt. No. 14. For the following reasons, Plaintiff's application is DENIED.

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for *pro bono* representation. Id. Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for *pro bono* counsel sparingly, and with reference to public benefit, in order to

preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." Id. at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Id.; see also *Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. See *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. See *Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), in addition to his request for *pro bono* counsel on July 12, 2023. (Dkt. No. 16.). In the complaint,

Plaintiff asserts a claim under the Fair Credit Reporting Act, alleging that Defendant reported Plaintiff's name to credit bureaus and damaged his credit. Dkt. No. 1, Ex. 1. During a conference on August 31, 2023, the Court discussed pleading standards with Plaintiff and warned Plaintiff that the complaint could be dismissed for not complying with the Federal Rules of Civil Procedure. Dkt. No. 30. The Court gave Plaintiff the opportunity to amend the complaint by October 2, 2023, id., and no such amended complaint was filed. The Court does not find that Plaintiff's claim is "likely to be of substance." *Hodge*, 802 F.2d at 61-62.

The Court similarly finds that the other *Hodge* factors weigh against granting Plaintiff's application. On its face, the complaint is approximately two-sentences, and it is unclear whether there will be conflicting evidence, whether major proof will be presented to a fact finder, or whether the legal issues will be complex to warrant appointment of counsel. In this case, representation would not "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

## CONCLUSION

For the foregoing reasons, Plaintiff's Application for the Court to Request Counsel is DENIED. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. See *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**The Clerk of the Court is respectfully requested to close the motion at Dkt. No. 14 and mail a copy of this order to pro se Plaintiff Mr. Nino R. Acuna at 420 East 73rd Street, Apt. 3B, New York, New York 10021**.

SO ORDERED.

DATED:   New York, New York
         October 11, 2023

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge